# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CAROL LUCARELLI, special administratrix of the estate of ROBERT W. WELLS, deceased, individually and on behalf of all similarly situated; JANE WELLS, surviving spouse and heir of ROBERT W. WELLS, deceased,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>DVA RENAL HEALTHCARE, INC.; DOES 1 through 50, inclusive; ROE CORPORATIONS 1 through 50, inclusive,<br><br>　　　　　　　　Defendants. | Case No.: 2:07-cv-1217-RLH-GWF<br><br>**O R D E R**<br><br>(Motion to Dismiss–#4; Motion to Stay–#7; Motion to Remand–#8; Motion to Transfer–#27; Motion for Leave to File Supplement–#33) |

Before the Court is Defendant DVA Renal Healthcare, Inc.'s ("DVA") **Motion to Dismiss** (#4), filed September 14, 2007. The Court has also considered Plaintiffs Carol Lucarelli, special administratrix of the estate of Robert W. Wells, deceased, and the above-named surviving heirs' Opposition (#6), filed October 2, 2007, and Defendant's Reply (#11), filed October 16, 2007.

Also before the Court is Plaintiffs' **Motion to Stay** (#7), filed October 2, 2007. The Court has also considered Defendant's Response (#12), filed October 17, 2007.

Also before the Court is Plaintiffs' **Motion to Remand** (#8), filed October 8, 2007. The Court has also considered Defendant's Opposition (#15), filed October 23, 2007, and Plaintiffs' Reply (#21), filed November 6, 2007.

Also before the Court is Defendant's **Motion to Transfer** (#27), filed December 3, 2007. The Court has also considered Plaintiffs' Opposition (#31), filed December 21, 2007, and Defendant's Reply (#32), filed December 21, 2007.

Also before the Court is Plaintiffs' **Motion for Leave to File Supplement to Motion to Remand** (#33), filed January 8, 2008.

## BACKGROUND

This case is one of at least thirty-two lawsuits filed by separate plaintiffs in Nevada state court based on allegations of Defendant's negligent operation of hemodialysis treatment facilities. Defendant removed at least fifteen of these lawsuits to the United States District Court for the District of Nevada on the basis of diversity of citizenship. Of the thirty-two lawsuits, only two plaintiffs actually received treatment in Nevada. In the instant case, Plaintiffs are Mississippi citizens and the decedent, Mr. Wells, received his dialysis treatments in Tennessee. Defendant is a Tennessee corporation with its principal place of business in California.

Plaintiffs filed this class-action lawsuit in Nevada state court in February 2005. The Complaint named Gambro Healthcare Renal Care, Inc. ("Gambro"), Defendant's sibling corporation, as the sole defendant. Shortly thereafter, the Parties agreed to hold this action in abeyance indefinitely and no other class members were subsequently identified. The abeyance remained in effect until December 2006, when the Parties agreed to consolidate the case for certain limited purposes. The Parties agreed to address first, in the consolidated case, the issue of whether Plaintiffs had sued the proper defendant. In March 2007, the Parties stipulated to a voluntary dismissal of Gambro in the suits in which it was incorrectly named, including this case. As part of the stipulation, Defendant agreed not to oppose Plaintiffs' request to amend and also to provide Plaintiffs' counsel with the correct corporate entity in all future hemodialysis-related cases. Plaintiffs filed their Amended Complaint in April 2007 and after receiving service, Defendant—on the basis of diversity—timely removed to this Court.

**DISCUSSION**

**I.     Motion to Remand**

Plaintiffs move the Court for an order remanding this case to the Eighth Judicial District Court for the State of Nevada.  28 U.S.C. § 1441 permits a defendant to remove a state court action if the federal district court has original jurisdiction.  A defendant invoking the removal statute bears the burden of establishing jurisdiction, and the statute is strictly construed against removal.  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  Consequently, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  But while a federal court "will not take jurisdiction if it should not . . . it is equally true, that it must take jurisdiction if it should."  *Cohens v. Virginia*, 19 U.S. (1 Wheat) 264, 404 (1821).  Thus, a district court with proper jurisdiction lacks discretion to remand.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356 (1988).

Defendant removed this case from Nevada state court based on diversity of citizenship.  *See* 28 U.S.C. § 1332(a).  Plaintiffs do not dispute this Court's jurisdiction or the procedural validity of removal; rather, they argue that Defendant waived the right to remove this case because of its state court actions in other lawsuits.

"A party, generally the defendant, may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum."  *Resolution Trust Co. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994).  "A waiver of the right to removal must be clear and unequivocal."  *Id.* (citations and internal quotations omitted).  "In general, the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits."  *Id.* (citations and internal quotations omitted).

The Court begins by noting that waiver is an exception to its duty "to adjudicate a controversy properly before it."  *Allegheny County v. Frank Mashuda Co.*, 360 U.S. 185, 188

(1959). Waiver in this case must be based on Defendant's affirmative conduct in the state court in this case. The record establishes that Plaintiffs filed this case in state court in February 2005, and that it was held in abeyance until the end of 2006. In state court, the Parties stipulated to consolidate this action with the other Gambro cases for the purposes of discovery and to hear Defendant's motion to dismiss. Moreover, the Parties stipulated to resolve first whether the Complaint named the proper defendant. In March 2007, the Parties stipulated to dismiss the suit against Gambro and amend the Complaint to name DVA as the proper defendant. Once served, Defendant timely removed this case to federal court on the basis of diversity because Defendant is a Tennessee corporation and Plaintiffs are citizens of Mississippi. Plaintiffs submit no evidence that Defendant took other actions in the state court to adjudicate the merits of this suit. Instead, Plaintiffs contend that Defendant's state court conduct in the other consolidated cases constitutes waiver. Moreover, Plaintiffs argue that considerations of efficiency and judicial economy justify remand because this case would be part of the consolidated action if it were to remain in state court.

The Court finds the state court consolidation unpersuasive in its determination of whether Defendant properly removed this case to federal court, and Defendant's conduct in the other cases cannot waive its right to remove in this case. The Court recognizes that allowing this case to proceed as part of the state court consolidation might promote efficiency and a conservation of judicial resources,[1] but those considerations are secondary to the Court's duty to exercise its jurisdiction and Defendant's right to proceed in a federal forum. Moreover, efficiency considerations alone cannot justify remand. *See Thermatron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976) ("That justice may move more slowly in some federal courts than in their

---

[1] The Court notes, however, that while the consolidated cases involve similar tort claims against related defendants, proceeding in a common forum would not necessarily be more efficient. The evidence and witnesses are located in several different states, and at minimum, each plaintiff will need to uniquely prove causation and his or her damages. Causation and damages are significant issues given that each plaintiff was already seriously ill before receiving dialysis treatments in Defendant's clinics.

4

state counterparts is not one of the considerations that Congress has permitted the district courts to recognize in passing on remand issues."), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714–15 (1996).

Accordingly, Plaintiffs' Motion to Remand is denied.

## II.     Motion to Transfer

Defendant moves the Court to transfer this case to the Western District of Tennessee pursuant to 28 U.S.C. § 1404(a). Section 1404(a) permits a district court to transfer any civil action to any other district or division where the action might have been brought for the convenience of the parties and witnesses and in the interests of justice. "To support a motion for transfer, the moving party must show: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992).

### A.     Venue in the District of Nevada

Defendant removed this action to this Court pursuant to 28 U.S.C. § 1441(a), which provides: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." Here, Plaintiffs filed this case in Clark County; this Court embraces Clark County and is therefore the proper venue for removal. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953).

### B.     Propriety of Action in the Western District of Tennessee

"In determining whether an action might have been brought in a district, the court looks to whether the action initially could have been commenced in that district." *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). Plaintiffs could have commenced this action in the Western District of Tennessee if that court would have had subject matter jurisdiction over

5

the claims and personal jurisdiction over the Parties. Pursuant to 28 U.S.C. § 1332, Plaintiffs could have brought this action in the Western District of Tennessee under diversity jurisdiction because the Parties are diverse and the amount in controversy exceeds $75,000. Mr. Wells was a Mississippi citizen at the time of his death, and thus Carol Lucarelli, special administratrix of Mr. Wells' estate, is deemed a citizen of Mississippi. *See* 28 U.S.C. § 1332(c). Moreover, Defendant asserts that the surviving heirs of Mr. Wells' estate are also Mississippi citizens, and Plaintiff does not contest that assertion. Defendant is incorporated in Tennessee and maintains its principal place of business in California. Accordingly, the Parties are diverse as required by § 1332. Also, Defendants have shown that Plaintiffs seek damages for loss of support, companionship, society, consortium, and pain and suffering caused by Mr. Wells' death, as well as special damages for medical care, treatment, burial and funeral expenses, and punitive damages, which exceed the $75,000 threshold. Therefore, the Western District of Tennessee would have original jurisdiction over this action. In addition, the Western District of Tennessee has in personam jurisdiction over Defendant because it is a Tennessee corporation. *See Milliken v. Meyer*, 311 U.S. 457, 462 (1940). Consequently, Plaintiff could have brought this action originally in the Western District of Tennessee because the Tennessee federal court would have original jurisdiction over the claims and personal jurisdiction over the Parties.

**C.**     **Convenience of the Parties and the Interests of Justice**

In considering the convenience of the parties and witnesses and the interests of justice, courts evaluate: (1) the location where the alleged harm occurred, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, (8) the ease of access to the evidence, and (9) the relevant public policy of the forum state. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

1 Here, the convenience of the Parties and witnesses and the interests of justice favor
2 transferring this case to the Western District of Tennessee. Mr. Wells received treatments in
3 Memphis, Tennessee at Defendant's hemodialysis facility. The evidence and witnesses of his
4 treatments, including the doctors and nurses who treated him, are all located in Tennessee. As
5 such, compulsory process would be unavailable to secure their attendance in Nevada. Moreover,
6 the costs of litigation would be substantially greater because the attorneys and witnesses would be
7 forced to travel for discovery and trial. Tennessee also has the most significant relationship to this
8 case, and consequently, Tennessee tort law applies. *See Gen. Motors Corp. v. Eighth Judicial*
9 *Dist. Court*, 134 P.3d 111, 116 (Nev. 2006). Thus, a federal court in Tennessee would be more
10 familiar with the law of this case. In addition, while Plaintiffs chose to file this suit in Nevada, the
11 "operative facts" of the case did not occur in Nevada, and so Plaintiffs' preference "is entitled to
12 only minimal consideration." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Finally, the
13 Court is unaware of any Nevada public policy that favors retaining a Nevada venue when the only
14 connection with the state is Plaintiffs' counsel.

15 In sum, the Court finds that removal venue is proper in the District of Nevada, that
16 this action could have originally been brought in the Western District of Tennessee, and that the
17 convenience of the Parties and witnesses and the interests of justice favor transferring this case.
18 Accordingly, the Court grants Defendant's Motion to Transfer.

19 **III.    Motion to Stay, Motion to Dismiss, and Motion for Leave to File Supplement**

20 Because the Court grants Defendant's Motion to Transfer, all remaining motions
21 are denied as moot.

**CONCLUSION**

23 Accordingly, and for good cause appearing,

24 IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#4) is DENIED
25 as moot.

26 IT IS FURTHER ORDERED that Plaintiffs' Motion to Remand (#8) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Stay (#7) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to File Supplement (#33) is DENIED as moot.

IT IS FURTHER ORDERED that Defendant's Motion to Transfer (#27) is GRANTED.

The Court orders the case transferred to the Western District of Tennessee.

Dated: January 14, 2008.

_____
ROGER L. HUNT
Chief United States District Judge